IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EBONE FISHER,

    Plaintiff,

v.

FUYAO GLASS AMERICA, INC.,
et al.,

    Defendants.

:
:
:
:
:

Case No. 3:18-cv-405

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS (DOC. #10);
DISMISSING COUNTS I-IV WITH PREJUDICE

---

Plaintiff Ebone Fisher ("Fisher"), is an African-American male and former employee of Fuyao Glass America, Inc. ("Fuyao"). After being terminated from his job in February of 2017, he filed suit against Fuyao and his former supervisor, Scott Acheson ("Acheson"). His verified complaint alleges eight causes of action: (I) discrimination on the basis of sex through the creation of a hostile work environment in violation of R.C. § 4112.02(A) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"); (II) sex discrimination in violation of Title VII; (III) sex discrimination under R.C. § 4112; (IV) wrongful termination based on sex discrimination in violation of Title VII and R.C. § 4112; (V) race discrimination under Title VII; (VI) race discrimination under R.C. § 4112; (VII) wrongful termination based on race discrimination; and (VIII) retaliation.

This matter is currently before the Court on Defendants' Motion for Judgment on the Pleadings, Doc. #10. Defendants seek dismissal of Counts I, II, III and IV.

I. **Background and Procedural History**

According to the Complaint, Plaintiff Fisher worked at Fuyao from July 25, 2016, through February 6, 2017. Originally, he was a full-time employee assigned to a first-shift position. At his request, he was later transferred to a third-shift position. However, shortly thereafter, Fisher was moved back to the first-shift position and demoted to temporary status. Fisher's supervisor was Scott Acheson. Fisher alleges that, in contrast to similarly-situated Caucasian employees, he was assigned mostly janitorial and manual labor duties. Acheson also assigned Fisher to drive a forklift. Although forklift operators are paid more than regular employees, Fuyao refused to increase Fisher's pay, claiming that he was not hired as a forklift operator.

Fisher approached his Team Leader, Margie "Nicki" Brody ("Brody"), to discuss this pay disparity. Fisher alleges that, during this meeting, Brody took out her mobile phone and showed him a picture of her vagina. Uncomfortable and offended, Fisher stated that he did not want to see the picture and walked away.

Sometime in January of 2017, Fisher and two other African American employees filed a complaint with Human Resources about the way they were being treated by Acheson. Fisher also complained about the incident involving Brody.

Nevertheless, Fuyao took no corrective action against Brody or Acheson. Within two weeks of filing these complaints, Fisher was suspended and subsequently fired.

Thereafter, Fisher filed suit against Fuyao and Acheson, alleging eight causes of action. Pursuant to Fed. R. Civ. P. 12(c), Defendants have moved to dismiss Counts I, II, III and IV. Doc. #10. That motion is now fully briefed.

## II.     Fed. R. Civ. P. 12(c)

"The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quotation omitted).

"The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "However, a legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." *Id.* (internal quotations omitted).

III. Analysis

Defendants seek dismissal of Counts I through IV, the Counts containing allegations of discrimination based on sex. Count I alleges a hostile work environment based on sex. Counts II and III allege sex-based discrimination in violation of federal and state law. Count IV alleges wrongful termination based on sex discrimination.

In his response brief, Fisher concedes that Counts II, III and IV should be dismissed because he has not alleged facts showing that Fuyao is the "unusual employer who discriminates against the majority." *Zambetti v. Cuyahoga Community Coll.*, 314 F.3d 249, 256 (6th Cir. 2002). Fisher also concedes that Counts I, II, III and IV should be dismissed against Defendant Acheson, given that it was Margie "Nicki" Brody who engaged in the conduct at issue. Doc. #11, PageID#79.

For purposes of the pending motion, then, the Court need address only Count I, the hostile work environment claim, against Fuyao. Defendants argue that Fisher has failed to state a plausible claim under Title VII or Ohio Revised Code § 4112.02(A). The Court agrees.

Title VII of the Civil Rights Act of 1964 prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "Plaintiffs alleging sex discrimination, including for sexual harassment, may recover on a theory of a

4

hostile work environment." *Smith v. Rock-Tenn Servs.*, 813 F.3d 298, 307 (6th Cir. 2016) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 73 (1986)). "The analysis for a sexual-harassment claim under Ohio Revised Code Chapter 4112 mirrors that of the same claim under Title VII." *Coy v. City. of Delaware*, 993 F. Supp. 2d 770, 783 (S.D. Ohio 2014). Accordingly, Fisher's federal and state law hostile work environment claims may be analyzed as one.

In order for Fisher to establish a prima facie case of hostile work environment based on sexual harassment, he must show:

> (1) that he was a member of a protected class; (2) that he was subjected to unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment unreasonably interfered with his work performance by creating a hostile, offensive, or intimidating work environment; and (5) that there is a basis for employer liability.

*Id.* (quoting *Thornton v. Fed. Express Corp.*, 530 F.3d 451, 455 (6th Cir. 2008)).

Title VII is violated "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal citations omitted). "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment -- an environment that a reasonable person would find hostile or abusive -- is beyond Title VII's purview." *Id.*

In determining whether the alleged harassment is sufficiently severe or pervasive, the court must consider the "all the circumstances." *Id.* at 23. Relevant factors include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.*

Unless "extremely serious," isolated incidents do not give rise to an actionable claim. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). *See also Kalich v. AT&T Mobility, LLC*, 679 F.3d 464, 474 (6th Cir. 2012) ("Except in the case of extreme incidents such as rape or sexual assault, a single, isolated event is typically insufficient to create a hostile work environment."); *Gwen v. Regional Transit Auth.*, 7 F. App'x 496, 501 (6th Cir. 2001) (holding that a single incident in which co-worker exposed his genitals to female bus driver and made rude comments was insufficient to establish claim of hostile work environment).

Here, Counts I through IV are based solely on Fisher's allegation that, on one occasion, when he approached his supervisor, Nicki Brody, to complain about not being paid the same wages as forklift operators, she showed him a picture of her vagina. Defendants argue that these factual allegations are insufficient to state a plausible hostile work environment claim. They argue that, as a matter of law, this conduct is not severe or pervasive enough to create an objectively hostile work environment.

In support, Defendants cite to several cases in which the Sixth Circuit has affirmed summary judgment granted in favor of employers where the conduct at

issue was clearly more severe or pervasive than Brody's. *See, e.g., Bowman v. Shawnee State Univ.*, 220 F.3d 456 (6th Cir. 2000) (five separate incidents of inappropriate conduct spread over several years, including three invasions of plaintiff's personal space, were insufficient to create liability); *Clark v. United Parcel Serv., Inc.*, 400 F.3d 341 (6th Cir. 2005) (three isolated incidents of sexual harassment over two and a half years was insufficient to establish liability); *Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784 (6th Cir. 2000) (one unwanted sexual advance, the telling of dirty jokes, and one-time reference to plaintiff as "Hot Lips" was insufficient to establish liability); *Valentine-Johnson v. Roche*, 386 F.3d 800 (6th Cir. 2004) (conduct involving one incident of unwanted touching and one comment with sexual overtones was insufficient to establish liability).

In response, Fisher argues only that, viewing the allegations in the light most favorable to him and drawing all reasonable inference in his favor, the facts alleged are sufficient to state a plausible claim for relief. He argues that the "merits" of his claim are not relevant to the Rule 12(c) analysis. Although Fisher is correct that, at this stage of the litigation, he need not prove that the conduct at issue was severe or pervasive enough to create an objectively hostile work environment, he nevertheless must allege sufficient facts to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When the factual allegations in the Complaint are insufficient to state a plausible claim for relief, courts have not hesitated to dismiss hostile work environment claims under Fed. R. Civ. P. 12(b)(6) or 12(c). *See, e.g., Woodson v.*

7

*Holiday Inn Express*, No. 18-1468, 2018 WL 5008719 (6th Cir. Oct. 4, 2018) (affirming judgment on the pleadings where plaintiff alleged only two instances of racially harassing conduct); *Carlisle v. Staffing Sols. Se., Inc.*, No. 1:16-CV-334, 2017 WL 2274995 (E.D. Tenn. May 24, 2017) (granting judgment on the pleadings where plaintiff alleged only two incidents of racially discriminatory comments).

Having reviewed Fisher's allegations and the relevant law, the Court finds that the one isolated incident cited by Fisher is insufficient, as a matter of law, to state a plausible claim for relief. That incident, while no doubt offensive to Fisher, was not severe enough to create an objectively hostile work environment. Notably, Fisher does not allege any physically threatening conduct or sexually offensive comments. He simply alleges that, on one occasion, Brody showed him a photograph of her vagina. Even if taken as true, this is insufficient to state a plausible claim for relief under Title VII or R.C. § 4112.02(A). *See Gwen*, 7 F. App'x at 501 (one-time exposure of genitals was insufficient to create a hostile work environment).

Accordingly, the Court SUSTAINS Defendants' Motion for Judgment on the Pleadings with respect to Count I.

## IV. Conclusion

For the reasons set forth above, this Court SUSTAINS Defendant's Motion for Partial Judgment on the Pleadings, Doc. #10, and DISMISSES WITH PREJUDICE Counts I, II, III and IV. Counts V-VII remain pending against both Defendants.

Date: January 3, 2020

WALTER H. RICE
UNITED STATES DISTRICT JUDGE